UNITED STATES of America,
Plaintiff–Appellee,

v.

Mario RODRIGUEZ Rodriguez,
Defendant–Appellant.

No. 05–40072.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Mario Rodriguez–Rodriguez ("Rodriguez") appeals his sentence following his guilty-plea conviction of illegally reentering the United States after having been deported previously following a conviction for an aggravated felony. He seeks to challenge the constitutionality of 8 U.S.C. § 1326(b). He argues that the appeal waiver contained in his plea agreement does not bar the instant appeal.

Rodriguez's appeal waiver was rendered not knowing and voluntary when the magistrate judge advised Rodriguez at his rearraignment hearing that he could appeal an "illegal sentence." *See United States v. Robinson,* 187 F.3d 516, 517–18 (5th Cir.1999). Therefore, his appeal waiver does not bar the instant appeal.

Rodriguez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitu-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

tional in the light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). He concedes that his challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it to preserve it for further review by the Supreme Court.

*Apprendi* did not overrule *Almendarez–Torres. See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). We therefore must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.